UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WORLEY,

                  Petitioner,                  Case No. 1:18-cv-13204
                                                      Hon. Thomas L. Ludington

v.

KEVIN LINDSEY,

                  Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Michigan inmate Robert Worley files this petition for writ of habeas corpus under 28 U.S.C. §2254. Petitioner Worley is in prison as a result of his St. Clair Circuit Court jury trial conviction of four counts of first-degree criminal sexual conduct. *See People v. Worley*, 2017 WL 3495371, *1 (Mich. Ct. App. Aug. 15, 2017).

The petition raises eight claims: (1) Petitioner's due process rights were violated by a pre-arrest delay; (2) the trial court erroneously admitted other-acts evidence at trial, (3) the trial court erroneously failed to grant a mistrial after juror misconduct; (4) the trial court erroneously allowed the victim's mother to claim a Fifth Amendment privilege; (5) Petitioner was denied the effective assistance of counsel by counsel's failure to adequately impeach the victim's testimony; (6) the prosecutor committed misconduct at trial; (7) Petitioner was denied the effective assistance of counsel where counsel failed to file a bill of particulars, failed to file a motion to quash, and elicited incriminating testimony from the victim on cross examination; and (8) insufficient evidence was presented at trial to sustain Petitioner's convictions.

**I.**

Because Petitioner has not presented his seventh or eighth habeas claims to the state courts, and because he still has an opportunity and adequate time to pursue state post-conviction review, the petition will be summarily dismissed.

After a petition for habeas corpus is filed the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To properly exhaust state remedies, a habeas petitioner must present each of his federal issues to both the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner has not exhausted his state court remedies with respect to his seventh and eighth habeas claims. He states in his petition that he raised his first six habeas claims on direct review in both the Michigan Court of Appeals and the Michigan Supreme Court. He attaches the decision of the Michigan Court of Appeals to his petition, and it confirms that Petitioner's first through sixth claims were raised on direct review. *Worley*, 2017 WL 3495371, *1-7. Neither Petitioner's seventh nor eighth claims, however, were raised in the Court of Appeals on direct review. *Id.*

Generally, a federal district court should dismiss so-called "mixed" petitions for writ of habeas corpus, that is, those containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner has an available state court remedy to pursue on his unexhausted claims. He may still file for state post-conviction review under Michigan Court Rule 6.501 et seq. by filing a motion for relief from judgment in the trial court, and then if the motion is denied, he may appeal that decision through the state appellate courts.

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

There is no basis for staying the petition in this instance. Petitioner has not provided good cause for the failure to exhaust remedies on his seventh and eighth claims. Moreover, Petitioner is not in danger of running afoul of the one-year statute of limitations. See 28 U.S.C. § 2244(d). The starting point for the one-year deadline is 90 days after the Michigan Supreme Court denied relief, which in Petitioner's case occurred on April 3, 2018. *People v. Worley*, No. 156468 (Mich. Sup. Ct. April 3, 2018). Accordingly, the statute of limitations started running on July 2, 2018, meaning that roughly six months have run on it. The statute of limitations will be tolled when Petitioner files his motion for relief from judgment in the trial court, and it will continue to be tolled so long as he timely seeks post-conviction review through the state appellate courts. See § 2244(d)(2).

**II.**

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253©(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a District Court rejects a habeas Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner should not be granted leave

to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

### III.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED**, that permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 7, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager